UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ASSURANCE COMPANY OF AMERICA; AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY; and NORTHERN INSURANCE COMPANY OF NEW YORK,<br><br>  Plaintiffs,<br>   vs.<br><br>IRONSHORE SPECIALTY INSURANCE COMPANY,<br><br>  Defendant. | Case No.: 2:13-cv-2191-GMN-CWH<br><br>**ORDER** |

Pending before the Court is the Motion for Reconsideration, (ECF No. 76), filed by Defendant Ironshore Specialty Insurance Company ("Defendant Ironshore"). Plaintiffs Assurance Company of America and Northern Insurance Company of New York filed a response, (ECF No. 80), and Defendant Ironshore filed a reply, (ECF No. 83). For the reasons discussed herein, Defendant Ironshore's Motion will be denied.

**I.    BACKGROUND**

This case arises from a dispute between co-insurors over coverage for sixteen separate underlying construction defect suits in Nevada state court. (Second Am. Compl. ¶ 3, ECF No. 15). Specifically, Plaintiffs claim that Defendant Ironshore wrongfully failed to defend their insureds and provide coverage in: (1) *Bagley v. All Drywall and Paint*, Clark County Case No. A620609; (2) *Blasco v. Rhodes Design*, Clark County Case No. A578060; (3) *Ishihama v. Terravita Home Construction Co.*, Clark County Case No. A632302; (4) *Garcia v. Centex Homes*, Clark County Case No. A616729; (5) *Stacy v. American West Homes, Inc.*, Clark County Case No. A575959; (6) *Cohen v. Nigro Desert Bloom, LLC*, Clark County Case No.

A591492; (7) *Wright v. Carina Corp.*, Clark County Case No. A602989; (8) *Colford v. American West Homes, Inc.*, Clark County Case No. A593923; (9) *Torrey Pines Ranch Estates HOA v. U.S. Home Corp.*, Clark County Case No. A571846; (10) *Macias v. DW Arnold, Inc.*, Washoe County Case No. CV10-02863; (11) *Epstein Family Trust v. Westgate Properties*, Clark County Case No. A624664; (12) *Evers v. Fairway Pointe, LLC*, Clark County Case No. A614799; (13) *Boyer v. PN II*, Clark County Case No. A603841; (14) *Mystic Bay HOA v. Richmond American Homes*, Clark County Case No. A611595; (15) *Aurora Glen HOA v. Pinnacle-Aurora II, LP*, Clark County Case No. A605463; and (16) *Larkin v. Comfort Residential*, Washoe County Case No. CV09-03256.

In each of these underlying cases, despite the fact that the insureds had commercial general liability policies with both Plaintiffs and Defendant Ironshore, they were defended and indemnified only by Plaintiffs. The insureds' policies with Defendant Ironshore afforded coverage between varying dates in the years 2009, 2010, and 2011. In each case, Defendant Ironshore issued a denial letter stating that the insured's work was completed prior to the onset of the policy, and therefore coverage was not triggered pursuant to the policy's "Continuous or Progressive Injury or Damage Exclusion." *See, e.g.*, (Jan. 24, 2011, Cedco Denial Letter p. 2, ECF No. 55-6); (Champion Masonry Denial Letter p. 2, ECF No. 59). In the instant case, Plaintiffs allege that the claims were wrongly denied by Defendant Ironshore, and that Defendant Ironshore had a duty to defend and indemnify the insureds in each of the sixteen underlying actions.

Based on these allegations, Plaintiffs set forth claims for (1) declaratory relief; (2) contribution; and (3) equitable indemnity with regard to each of the underlying actions. (Sec. Am. Compl. ¶¶ 4-373). On September 30, 2014, the Court granted Plaintiffs' Motion for Partial Summary Judgment, and declared that Defendant Ironshore had a duty to defend in one of the underlying actions. (First Summary Judgment Order, ECF No. 27). On July 29, 2015,

the Court found that Defendant Ironshore was entitled to summary judgment as to Plaintiffs' claims for declaratory relief and equitable indemnity. (Second Summary Judgment Order 5:6-6:15, ECF No. 73).  However, in the same Order, the Court found that Defendant Ironshore had a duty to defend its insureds in the underlying actions, and that Defendant Ironshore did not provide sufficient evidence for the Court to conclude that it lacked a duty to indemnify. (*Id.* 7:5-16:13).  Thus, the Court found that summary judgment was not warranted in Defendant Ironshore's favor as to Plaintiffs' contribution claims. (*Id.* 16:7-13).

In the instant Motion, Defendant Ironshore seeks reconsideration of the Court's finding that it failed to present sufficient evidence that it lacked a duty to indemnify.

## II.   LEGAL STANDARD

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).  Reconsideration is appropriate where: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  However, a motion for reconsideration is not a mechanism for rearguing issues presented in the original filings, *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985), or "advancing theories of the case that could have been presented earlier, *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994).  Thus, Rules 59(e) and 60(b) are not "intended to give an unhappy litigant one additional chance to sway the judge." *See Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

## III.   DISCUSSION

In its Motion, the Defendant Ironshore argues that the Court erred in declining to find that Defendant Ironshore lacked a duty to indemnify, because "hundreds of pages of undisputed and uncontradicted evidence establishing the application of [policy] exclusions" were attached

to its Motion for Summary Judgment. (Motion to Reconsider 1:25-2:2).  However, rather than discussing this evidence or highlighting points that were overlooked by the Court, Defendant Ironshore merely makes passing reference to a summary of "undisputed material facts," which, in turn, broadly identifies groups of exhibits that support several of its propositions.

       The Court reminds Defendant Ironshore of the oft repeated maxim, "Judges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).  Indeed, many of these exhibits bear little to no relation to the propositions Defendant Ironshore claims they support.  For instance, it is not immediately apparent to the Court how a letter generally declining coverage on behalf of Defendant Ironshore could serve as evidence of the type of damage that affected some of the underlying properties.  Nevertheless, Defendant Ironshore points to such a letter, (Ex. 8 to MSJ, ECF No. 55), in arguing that it has shown that "any alleged property damage was of the same general nature or type as a condition, circumstance or construction defect which resulted in . . . property damage prior to the inception date of the applicable Ironshore policy." (Mot. to Reconsider 6:11-13).  Thus, while it is possible that the necessary evidence is contained within the tomes submitted alongside the prior Motion, Defendant Ironshore has failed to specifically identify or explain this evidence to the Court.  Accordingly, the Court finds neither clear error nor manifest injustice in the reasoning of its previous Order, and the Motion to Reconsider will be denied.[1]

---

[1] Additionally, the Court reiterates that Defendant Ironshore, as a nonparticipating co-insurer, bears the burden of demonstrating that the policy exclusion applies to each of the underlying actions. *See, e.g.*, *PMA Capital Ins. Co. v. Am. Safety Indem. Co.*, 695 F. Supp. 2d 1124, 1125 (E.D. Cal. 2010) ("Once a party claiming coverage shows a potential for coverage under the coinsurer's policy, the coinsurer must conclusively prove with undisputed evidence that no coverage existed under the policy."). In the context of this case, this means that Defendant Ironshore bears the burden of showing that the damage at issue was not: (1) "sudden and accidental"; (2) "in the process of taking place prior to the inception date of [the] policy"; or (3) "of the same general nature or type as a condition, circumstance or construction defect which resulted in 'bodily injury' or 'property damage' prior to the inception date of [the] policy." (Second Summary Judgment Order 8:1-14).

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant Ironshore's Motion for Reconsideration, (ECF No. 76), is **DENIED**.

**DATED** this __22__ day of March, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge