# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ASSURANCE COMPANY OF AMERICA, *et al.*,

    Plaintiffs,

vs.

IRONSHORE SPECIALTY INSURANCE COMPANY,

    Defendant.

Case No.: 2:13-cv-2191-GMN-CWH

**ORDER**

Pending before the Court is the Motion for Relief from Orders, (ECF No. 134), filed by Defendant Ironshore Specialty Insurance Company ("Defendant"). Also before the Court is Defendant's Motion to Supplement Answer, (ECF No. 137). Plaintiffs Assurance Company of America and Northern Insurance Company of New York (collectively "Plaintiffs") filed a consolidated Response, (ECF No. 138), and Defendant filed a Reply, (ECF No. 139). For the reasons stated herein, Defendant's Motions are **DENIED**.

## I. BACKGROUND

On March 24, 2017, the Court conducted a one-day bench trial to determine whether Defendant owed equitable contribution to Plaintiffs for the defense and settlement of various underlying lawsuits. (*See* Trial Minutes, ECF No. 131). That same day, and after a full consideration of the briefs and oral arguments, the Court issued its ruling in favor of Plaintiffs in the amount of $488,233.00. (*Id.*). This ruling fully resolved all pending matters between the parties and terminated the case. (*Id.*). For the benefit of the parties, however, the Court stated its intention to issue a written follow-up order explaining the Court's reasoning in greater detail. (Trial Transcript 107:9–16, ECF No. 132). The Court issued this written Order on

October 12, 2017. (Written Order, ECF No. 133). Defendant now seeks to vacate the Court's prior rulings pursuant to Federal Rule of Civil Procedure 60(b).

## II.  LEGAL STANDARD

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1387 (9th Cir. 1985). "Relief under Rule 60(b)(6) must be requested within a reasonable time, and is available only under extraordinary circumstances." *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (internal citations omitted).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). However, a motion for reconsideration is not a mechanism for re-arguing issues presented in the original filings, *Backlund*, 778 F.2d at 1388, or "advancing theories of the case that could have been presented earlier, *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted). *See also Soto-Padro v. Pub. Bldgs. Auth.*, 675 F.3d 1, 9 (1st Cir. 2012) ("[A] party cannot use a [motion for reconsideration] to rehash arguments previously rejected or to raise ones that could, and should, have been made before the judgment issued.") (internal quotations omitted). In other words, the purpose of Rules 59(e) and 60(b) is not "to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

## III.  DISCUSSION

In the instant Motions, Defendant argues that the Court should vacate its prior rulings based on the doctrine of issue preclusion. (*See* Mot. for Relief 4:6–9, ECF No. 134).

Specifically, Defendant argues that the resolution of a related case on August 24, 2017, has a preclusive effect on this Court's March 24, 2017, "interlocutory ruling." (*Id.*); *see also Assurance Co. of Am. v. Ironshore Specialty Ins. Co.*, No. 2:15–CV–00460–JAD–PAL, 2017 WL 3666298 (D. Nev. Aug. 24, 2017).

Contrary to Defendant's assertion, the Court's ruling on March 24, 2017, was a final resolution on the merits. While the Court issued a subsequent written explanatory Order on October 12, 2017, this Order in no way altered the finality of the Court's ruling at the conclusion of trial. *See Dalton Equip. Co. v. Brown*, 594 F.2d 195, 196 (9th Cir. 1979) (stating that a "final decision" is a decision which determines the rights of the parties to secure the relief they seek). Accordingly, the Court rejects Defendant's contention that the resolution of a related case roughly five months after the Court resolved the instant matter has a preclusive effect. As Defendant has failed to provide a legitimate basis for the Court to vacate its prior rulings under Rule 60(b), the Court denies Defendant's Motions.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Relief from Orders, (ECF No. 134), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Supplement Answer, (ECF No. 137), is **DENIED**.

**DATED** this __12__ day of August, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court