# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ASSURANCE COMPANY OF AMERICA, *et al.*,

               Plaintiffs,

      vs.

IRONSHORE SPECIALTY INSURANCE COMPANY,

               Defendant.

Case No.: 2:13-cv-2191-GMN-CWH

**ORDER**

Pending before the Court is the Motion for Attorney's Fees, (ECF No. 148), filed by Plaintiffs Assurance Company of America and Northern Insurance Company of New York (collectively "Plaintiffs"). Defendant Ironshore Specialty Insurance Company ("Defendant") filed a Response, (ECF No. 154), and Plaintiffs filed a Reply, (ECF No. 157). For the reasons stated herein, Plaintiffs' Motion is **GRANTED in part and DENIED in part**.

## I.    <u>BACKGROUND</u>

This case arises from a dispute over insurance coverage for various underlying lawsuits in Nevada state court. (Second Am. Compl. ¶ 3, ECF No. 15). On March 24, 2017, the Court conducted a one-day bench trial to determine whether Defendant owed equitable contribution to Plaintiffs for the defense and settlement of these underlying lawsuits. (*See* Trial Minutes, ECF No. 131). That same day, and after a full consideration of the briefs and oral arguments, the Court issued its ruling on the bench in favor of Plaintiffs in the amount of $488,233.00. (*Id.*). On October 12, 2017, the Court issued a written explanatory Order providing additional detail as to its ruling. (Written Order, ECF No. 133). Subsequently, the Clerk of Court entered judgment in favor of Plaintiffs in accordance with the Court's ruling at trial. (Judgment, ECF

No. 146).  Plaintiffs now move for attorney's fees and prejudgment interest pursuant to Nevada Rule of Civil Procedure ("NRCP") 68(f) and N.R.S. § 17.130(2). (Mot. Atty. Fees, ECF No. 148).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(2) allows a party to file a motion for attorney's fees if it: (1) is filed within 14 days after judgment is entered; (2) identifies the legal basis for the award; and (3) indicates the amount requested or an estimate thereof.  "A federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000).

## III.  DISCUSSION

### 1. Prejudgment Interest

Plaintiffs request $132,989.12 in prejudgment interest. (Mot. Atty. Fees 2:14–3:14).  In diversity actions, state law governs the award of prejudgment interest. *In re Exxon Valdez,* 484 F.3d 1098, 1101 (9th Cir. 2007).  N.R.S. § 17.130(2) provides that "the judgment draws interest from the time of service of the summons and complaint until satisfied."  This interest is "compensation for use by defendant of money to which plaintiff is entitled from the time the cause of action accrues until the time of judgment." *Ramada Inns, Inc. v. Sharp*, 711 P.2d 1, 2 (Nev. 1985).  Defendant does not object to Plaintiffs' calculation in their Response. (*See* Resp., ECF No. 154).  Accordingly, the Court grants Plaintiffs' request for prejudgment interest at the statutorily proscribed rate.

### 2. Attorney's Fees

Plaintiffs request $122,257.50 in attorney's fees under NRCP 68(f). (Mot. Atty. Fees 3:15–4:16).  Under NRCP 68(f), a party may recover attorney's fees if the opposing party rejects an offer of judgment and fails to obtain a more favorable outcome.  The purpose of the offer of judgment rule is to promote and encourage the settlement of lawsuits and save money

for the court system, the parties, and the taxpayers. *Muihe v. A.N. Las Vegas Cab Co.,* 799 P.2d 559, 561 (Nev. 1990). The Ninth Circuit has held that a state's offer of judgment rule is substantive, and therefore a federal court sitting in diversity jurisdiction should follow the state's offer of judgment rules. *MRO Commc'ns, Inc. v. AT&T,* 197 F.3d 1276, 1281 (9th Cir. 1999) (citing *Alyeska Pipeline Serv. v. Wilderness Society,* 421 U.S. 240, 259 (1975)).[1] Here, Plaintiffs made an offer of judgment to Defendant on March 19, 2015, for $250,000.00. (Mot. Atty. Fees 2:5–6). At the bench trial on March 24, 2017, the Court awarded Plaintiffs damages totaling $488,233.00. (*See* Trial Minutes, ECF No. 131). The Court therefore has discretion to issue attorney's fees under NRCP 68(f).

When deciding whether to award penalties under the offer of judgment rule, the court's discretion is governed by the *Beattie* factors: "(1) whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer . . . was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount." *Beattie v. Thomas,* 668 P.2d 268, 247 (Nev. 1983). No one *Beattie* factor is dispositive, and the court need not necessarily make explicit findings as to all of the factors. *Nat'l Union Fire Ins. v. Pratt and Whitney,* 815 P.2d 601, 606 (Nev. 1991); *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 258 (Nev. 2012). In cases where the defendant is the offeree, courts look to whether the defenses were litigated in good faith. *Yamaha Motor Co., U.S.A. v. Arnoult*, 955 P.2d 661, 673 (Nev. 1998).

Upon review of the above factors, the Court declines to award attorney's fees in this case. Although Plaintiffs' offer of judgment was reasonable and brought in good faith, the court cannot conclude that Defendant's decision to reject the offer of judgment was "grossly

---

[1] In its Response, Defendant argues that the Court should apply federal law because NRCP 68(f) conflicts with Federal Rule of Civil Procedure 68, which concerns a *defendant's* offer of judgment and not a *plaintiff's*. (Resp. 8:3–26). As the Court declines to grant attorney's fees under either law, the Court need not rule on this issue.

unreasonable." *Beattie,* 668 P.2d at 247.  This case presented difficult legal issues, which the parties were simultaneously litigating in two other parallel actions. *See American Zurich Insurance Company, et al. v. Ironshore Specialty Insurance Company*, 2:14–cv–00060–TLN–DB; *Assurance Company of America, et. al. v. Ironshore Specialty Insurance Company*, 2:15–cv–00460–JAD–PAL.  At the time of Plaintiffs' offer of judgment, Defendant had obtained a favorable ruling in its California action and later obtained a similar ruling from a different judge in this district. *Am. Zurich Ins. Co. v. Ironshore Specialty Ins. Co.*, No. 2:14–CV–00060–TLN–KJ, 2014 WL 3687727 (E.D. Cal. July 23, 2014); *Assurance Co. of Am. v. Ironshore Specialty Ins. Co.*, No. 2:15–CV–00460–JAD–PAL, 2017 WL 3666298, at *2 (D. Nev. Aug. 24, 2017).  Although this Court found early in the instant case that Defendant had a duty to defend in at least one of its underlying actions, the Court did not issue its more expansive summary judgment ruling until July 29, 2015, which was after Plaintiffs' offer of judgment. *Assurance Co. of Am. v. Ironshore Specialty Ins. Co.*, No. 2:13–CV–2191–GMN–CWH, 2015 WL 4579983 (D. Nev. July 29, 2015).  The legal landscape between the parties' cases at the time Plaintiffs made their offer was far from settled.  The Court therefore finds that Defendant litigated in good faith.

In their Reply, Plaintiffs do little to counter these points.  Instead, Plaintiffs rest on the Court's discretion and the reasonableness of Plaintiffs' requested fees. (Reply 1:26–2:12, ECF No. 157).  Although Plaintiffs' requested fees do not appear unreasonable, the Court finds that the *Beattie* factors on balance weigh against an award in this case. *See Gallagher v. Crystal Bay Casino, LLC*, No. 3:08–CV–00055–ECR, 2012 WL 1409244, at *5 (D. Nev. Apr. 20, 2012) (stating that when the factors weigh both for and against attorney's fees, "the Court is loath to award attorneys' fees in the absence of bad faith or unreasonableness . . ..").  Accordingly, the Court denies Plaintiffs' request.

/ / /

IV.    **CONCLUSION**

   **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Attorney's Fees, (ECF No. 148), is **GRANTED in part and DENIED in part**.

   **IT IS FURTHER ORDERED** that Plaintiffs are awarded prejudgment interest in the amount of $132,989.12.


   **DATED** this __26__ day of August, 2019.


   _____
   Gloria M. Navarro, Chief Judge
   United States District Court